UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISIDRO GONZALEZ, WILLIAM CASTILLO,
and ANIBAL GONZALEZ, on behalf of themselves
and all other persons similarly situated,

                               Plaintiffs,                    **COMPLAINT**

    -against-

WESTHAMPTON TREE WORKS, INC. and
GEORGE D. ECKART,
                              Defendants.
-----------------------------------------------------------------X

        Plaintiffs, ISIDRO GONZALEZ, WILLIAM CASTILLO, and ANIBAL GONZALEZ ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, allege as follows:

## NATURE OF THE ACTION

        1.     Defendant, WESTHAMPTON TREE WORKS, INC., and its principal, Defendant, GEORGE D. ECKART (collectively "Defendants"), failed to pay Plaintiffs and other similarly situated employees premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

        2.     Plaintiffs bring this action against Defendants to recover unpaid wages on behalf of themselves and all individuals similarly situated under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## THE PARTIES

6. At all times relevant to the complaint, Plaintiff ISIDRO GONZALEZ was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

7. At all times relevant to the complaint, Plaintiff WILLIAM CASTILLO was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. At all times relevant to the complaint, Plaintiff ANIBAL GONZALEZ was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

9. Defendant, WESTHAMPTON TREE WORKS, INC. ("WTW"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10. At all times relevant, Defendant, WTW, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. At all relevant times, Defendant, WTW, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate

commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in trimming trees and landscaping and used equipment and other materials, such as saws, rakes, shovels, brooms, and other tools, many of which originated in states other than New York.

12. Defendant, GEORGE D. ECKART ("ECKART"), owns and/or operates WTW, has authority to make payroll and personnel decisions for WTW, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

13. Defendant, ECKART, as a result of his position as manager and/or owner of the corporate defendant is liable to Plaintiffs as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiffs seek to recover.

## FACTS

14. Defendants are tree and landscape contractors.

15. Plaintiff, ISIDRO GONZALEZ, was employed by the Defendants as a manual laborer from in or about 2012 until in or about January 2020.

16. Plaintiff, ISIDRO GONZALEZ, regularly worked Monday through Saturday, six days per week, from March through December each year during his employment with Defendants. Plaintiff began work each workday at 7:00 a.m. The time that Plaintiff finished work at the end of each day varied from day to day and ranged between 5:00 p.m. and 8:00 p.m.

17. Plaintiff, ISIDRO GONZALEZ, regularly worked in excess of 40 hours per week.

18. Defendants did not pay Plaintiff, ISIDRO GONZALEZ, overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

19.     Plaintiff, WILLIAM CASTILLO, was employed by the Defendants as a manual laborer from in or about October 2018 until in or about March 2020.

20.     Plaintiff, WILLIAM CASTILLO, regularly worked Monday through Saturday, six days per week, from March through December each year during his employment with Defendants. Plaintiff began work each workday at 7:00 a.m. The time that Plaintiff finished work at the end of each day varied from day to day and ranged between 5:00 p.m. and 8:00 p.m.

21.     Plaintiff, WILLIAM CASTILLO, regularly worked in excess of 40 hours per week.

22.     Defendants did not pay Plaintiff, WILLIAM CASTILLO, overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

23.     Plaintiff, ANIBAL GONZALEZ, was employed by the Defendants as a manual laborer from in or about March 2014 until in or about March 2020.

24.     Plaintiff, ANIBAL GONZALEZ, regularly worked Monday through Saturday, six days per week, from March through December each year during his employment with Defendants. Plaintiff began work each workday at 7:00 a.m. The time that Plaintiff finished work at the end of each day varied from day to day and ranged between 5:00 p.m. and 8:00 p.m.

25.     Plaintiff, ANIBAL GONZALEZ, regularly worked in excess of 40 hours per week.

26.     Defendants did not pay Plaintiff, ANIBAL GONZALEZ, overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

27.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

28. Defendants failed to provide Plaintiffs with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195(1).

29. Defendants failed to provide Plaintiffs with an accurate wage statement each pay period as required by Labor Law §195(3).

30. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

31. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

32. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

33. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as laborers at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily

ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).

35. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

36. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

37. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

38. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

39. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

40. As a result of defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: UNPAID OVERTIME WAGES

41. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

42. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

43. By defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

44. Due to defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(1)

45. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

46. Defendants failed to provide Plaintiffs with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law §195(1).

47. Due to defendant's failure to provide Plaintiffs with the notice and statement required by Section 195 of the Labor Law, each Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

48. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

49. Defendants failed to provide Plaintiffs with an accurate statement of their wages each pay period as required by Section 195 of the Labor Law.

50. Due to defendant's failure to provide Plaintiffs with the notice and statement required by Section 195 of the Labor Law, each Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Damages pursuant to New York State Labor Law §198;

    (v)    All attorneys' fees and costs incurred in prosecuting these claims; and

    (vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
May 20, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero, Esq.*
_____
Peter A. Romero, Esq.
825 Veterans Highway Ste. B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against West Hampton Tree Works, Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

_____  
Isidro Gonzalez

03-12-2020  
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against West Hampton Tree Works, Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

*William Castillo*　　　　　　　　　　　　03/12/2020
William Castillo　　　　　　　　　　　　　Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against West Hampton Tree Works, Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

_____  
Anibal Gonzalez

3/12/20  
Date