## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **ISIDRO GONZALEZ, WILLIAM CASTILLO** and **ANIBAL GONZALEZ** (hereinafter referred to as "Plaintiffs") and **WESTHAMPTON TREE WORKS, INC.** (the "Company") and **GEORGE D. ECKART** (together with the Company collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants arising under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), .

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **2:20-CV-02272** (the "Action") alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payments**

In lieu of incurring further litigation costs associated with defending the Action and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

A. Defendants shall cause Plaintiffs to be paid the gross sum of One Hundred Twenty Five Thousand Dollars ($125,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. **On or before January 2, 2021**, Defendants shall provide payment of One Hundred and Twenty-Five Thousand ($125,000.00) Dollars payable as follows:

a. One check in the amount of Forty-Two Thousand One Hundred Thirty Three Dollars and Thirty-Three Cents ($42,133.33) payable to Law Office of Peter Romero, PLLC. The Company shall make the payment to Plaintiffs' counsel subject to IRS Tax Form W-9.

b. One check in the amount of Thirty-Six Thousand Eight Hundred Four Dollars and Fifty-Six Cents ($36,804.56) payable to Isidro Gonzalez subject to withholding pursuant to IRS Tax Form W-4. The Company shall deduct all

1

appropriate and necessary taxes from the aforementioned wage payment and shall pay the applicable employer's portion of the taxes due on the aforementioned wage payment. The Company shall provide Isidro Gonzalez with all appropriate tax withholding statements, such as W-2 Forms, as required by applicable law.

c. One check in the amount of Eleven Thousand and Fifty-Eight Dollars and Fifty-Four Cents ($11,058.54) payable to William Castillo subject to withholding pursuant to IRS Tax Form W-4. The Company shall deduct all appropriate and necessary taxes from the aforementioned wage payment and shall pay the applicable employer's portion of the taxes due on the aforementioned wage payment. The Company shall provide William Castillo with all appropriate tax withholding statements, such as W-2 Tax Forms, as required by applicable law.

d. One check in the amount of Thirty-Five Thousand and Three Dollars and Fifty Seven Cents ($35,003.57) payable to Anibal Gonzalez subject to withholding pursuant to IRS Tax Form W-4. The Company shall deduct all appropriate and necessary taxes from the aforementioned wage payment and shall pay the applicable employer's portion of the taxes due on the aforementioned wage payment. The Company shall provide Anibal Gonzalez with all appropriate tax withholding statements, such as W-2 Tax Forms, as required by applicable law.

ii. The payments described above will be sent via first class mail to the Law Office of Peter Romero, PLLC, 825 Veterans Highway, Hauppauge, NY 11788.

2. **Stipulation of Dismissal**

Plaintiffs shall file a "Stipulation and Order of Dismissal With Prejudice" upon receipt of the payments described in Section 1(A) of this Agreement. Notwithstanding Plaintiffs' filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

3. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint by Plaintiffs against Defendants, including claims for wages, liquidated damages, statutory penalties, retaliation and attorneys' fees, and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

4. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly

acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 5. Representations

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 6. Release and Indemnification

In consideration of the payments to be provided by Defendants as described in the Agreement, representing payment of all of Plaintiffs' alleged damages in connection with the Action, as well as Plaintiffs' counsel's costs and fees, an amount to which Plaintiffs are not otherwise entitled, Plaintiffs, their heirs, executors, administrators, agents, successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE** Defendants, as well as, as applicable, Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be an "employer" both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries and other related companies (all of said individuals and entities hereinafter collectively referred to, jointly and severally, as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, obligations, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiffs, their heirs, executors, administrators, agents, successors and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement, including, without limitation, any and all claims raised in the Action.

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in connection with the Action. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the Action and the negotiation and execution of the

Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement, that they read this Agreement fully and carefully and understand its terms, and that they are signing it knowingly and voluntarily.

### 9. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 12. Counterparts

This Agreement may be executed in counterparts, each of which shall be deemed to be an original but all of which taken together shall constitute one and the same Agreement.

**PLAINTIFFS:**

_____     11-16-2020
ISIDRO GONZALEZ                     DATE

_____     11/16/2020
WILLIAM CASTILLO                    DATE

_____     11/16/20
ANIBAL GONZALEZ                     DATE

4

DEFENDANTS:

WESTHAMPTON TREE WORKS, INC.

_____     11·19·20
GEORGE D. ECKART                 DATE
Agent Authorized to sign on behalf of WESTHAMPTON TREE WORKS, INC.

_____     11·19·20
GEORGE D. ECKART, as an individual   DATE

5